951 F.2d 1259
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Drew MAYFIELD, Plaintiff-Appellant,
v.
Mike HAYDEN, Governor; Robert T. Stephan, Attorney General
for the State of Kansas; Herb Mashner, Former Director,
Kansas State Penitentiary; Tran Huong, M.D., Kansas State
Penitentiary; Richard A. Mills, Former Secretary of
Corrections; and Ronald E. Price, Defendant-Appellees.
 No. 91-3012.
 United States Court of Appeals, Tenth Circuit.
 Dec. 11, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 This is an appeal from the dismissal of a suit under 42 U.S.C. § 1983 and pendant state law claims with respect to three defendants. The district court dismissed the action with respect to Defendants Stephan, Huong, and Mashner on the grounds of defective service.[1] We reverse the district court's dismissal with respect to all three defendants and remand for consideration on the merits.[2]
 
 FACTS
 
 2
 The Plaintiff filed this action for relief under 42 U.S.C. § 1983 on December 7, 1988. His original complaint was against the Defendants in their official capacity.
 
 
 3
 The Plaintiff served process upon Defendants Hayden, Stephan, and Huong in their official capacity through the Kansas Attorney General's Office. His amended complaint, however, named these Defendants in their individual capacities. On August 2, 1989, these Defendants filed a motion to dismiss the amended complaint for failure to state a claim. This motion made no allegations regarding sufficiency of process. Subsequently, on November 9, 1989, the Defendants filed a supplemental motion to dismiss the amended complaint with respect to Defendants Stephan and Huong on the ground that the Attorney General's Office was not authorized to accept process for these Defendants in their individual capacities and that, therefore, service upon them was defective. The district court granted this motion on January 31, 1990.
 
 
 4
 The Plaintiff made several attempts to serve Defendant Mashner. Service was attempted twice through Special Attorney General Linden Appel, who had previously agreed to accept service on behalf of Mashner but refused to do so on these occasions. Service was also attempted through Mashner's deputy, Karl Sannicks, who accepted it. All of these attempts occurred before the expiration of the extended deadline for service granted by the court. The court, however, found all of these attempts defective and, accordingly, granted Mashner's motion to dismiss him on the basis of insufficient process in its January 31, 1990 order.
 
 
 5
 On December 6, 1990 both the Plaintiff and Defendant Hayden jointly stipulated and moved for dismissal of the action with prejudice with respect to Hayden, the last remaining defendant. On December 7, 1990, the court granted this motion. Final judgment being entered, the Plaintiff now appeals the January 31, 1990 dismissals of Defendants Stephan, Huong, and Mashner. We find that these Defendants Stephan, Huong, and Mashner were wrongly dismissed and therefore remand.
 
 
 6
 I. Defendant's Arguments for Dismissal of Appeal
 
 
 7
 The Defendants argue that the December 7, 1990 dismissal with prejudice disposed of the entire action--and therefore all claims against all of the Defendants. Essentially, the Defendants' argument is that the Plaintiff stipulated to the dismissal with prejudice of all the Defendants, including those previously dismissed, and that he therefore cannot now seek to renew his claims against those defendants. This is a very serious mischaracterization of the stipulation and order. The stipulation explicitly requests that Defendant Hayden be dismissed because both parties had come to the realization "that Governor Mike Hayden is not a proper party defendant to this action...." Doc. 79 at 2. Thus, the stipulation makes it clear that the Plaintiff did not intend to waive his claims against Defendants Stephan, Huong, and Mashner, and it does not address those defendants because they previously were dismissed from the action. The district court order does not go beyond the limited grounds stated in the parties' stipulation.
 
 
 8
 The Defendants second argument on appeal is that the Plaintiff's claims against Defendants Stephan, Huong, and Mashner are barred by the statute of limitations. This argument, however, is an affirmative defense which has not yet been considered below. Because our ruling is only as to jurisdiction, we will leave it to the district court to address the Defendants' statute of limitations argument on remand.
 
 
 9
 II. District Court's Dismissals of Defendants Stephan and Huong
 
 
 10
 Service upon Stephan and Huong was allegedly defective in that the Kansas Attorney General's office, which accepted service on these Defendants' behalf, was not authorized to accept service upon them in their personal capacities. These defendants argue that although the Attorney General's Office rightly accepted service of the Plaintiff's original complaint, as that complaint named Stephan and Huong in their official capacities, that Office did not have the authority to accept service of the amended complaint which named them in their personal capacities.[3]
 
 
 11
 Defendants Stephan and Huong, however, responded to the amended complaint on its merits, filing a motion to dismiss for failure to state a claim. Doc. 24.[4] By filing this motion without simultaneously objecting to the allegedly improper service, Defendants Stephan and Huong waived any objections to service.[5] Fed.R.Civ.P. 12(g) ("If a party makes a motion under [Rule 12] but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted...."); Fed.R.Civ.P. 12(h)(1)(A) ("A defense of lack of jurisdiction over the person ..., insufficiency of process, or insufficiency of service of process is waived ... if omitted from a motion in the circumstances described in subdivision (g)...."). Accordingly, Stephan and Huongs' later motion to dismiss the action against them on the basis of defective service was improperly raised and, therefore, improperly granted.[6]
 
 
 12
 III. District Court's Dismissals of Defendant Mashner
 
 
 13
 Defendant Mashner alleges that service as to him was untimely and therefore defective. The original complaint was filed on December 7, 1988. On February 17, 1989, the Plaintiff's attorney Bryan E. Nelson, unable to locate Mashner, contacted Special Assistant Attorney General Linden Appel, who told Nelson that he was authorized to accept service for Mashner. On April 6, 1989, 120 days had lapsed since the filing of the original complaint. Federal Rule of Civil Procedure 4(j) requires that a complaint be dismissed without prejudice with respect to defendants who are not served within 120 days from the filing of the complaint if the plaintiff cannot show "good cause." Mashner argues that the Plaintiff's failure to serve him via Appel between February 17 and April 6 requires dismissal.
 
 
 14
 The deadline under Rule 4(j) for service upon Mashner, however, was extended to November 27, 1989. Doc. 44.[7] Prior to the expiration of this extended deadline, the Plaintiff made several attempts to serve Mashner. On July 13, 1989 (Attachment to Doc. 32) and September 13, 1989 (Doc. 30), the Plaintiff attempted to serve Mashner via Appel, who on both occasions refused service. And on October 3, 1989, the Plaintiff served Mashner via his deputy, Karl Sannicks. Doc. 35.
 
 
 15
 The district court apparently thought that these efforts to serve Mashner were ineffective. Doc. 50 at 2. We disagree. Appeal, whom Mashner admits was authorized to accept service for him, Doc. 34 at 4, 5; Doc 38, at 1; Doc. 44 at 2, does not claim to have appended any conditions to his offer to accept service for Mashner. Nor does Appeal show that he withdrew this offer. Thus, service upon Appel was effective as to Mashner. Additionally, Mashner has not claimed that his deputy, Sannicks, was not authorized to receive service. Thus, Mashner was properly served.
 
 
 16
 Mashner argues that service was not effected until after the statute of limitations had run. That may be, although we note that Federal Rule of Civil Procedure 3 provides that the civil action, at least for federal questions, is commenced by filing a complaint with the court. In any event, the statute of limitations is an affirmative defense rather than a jurisdictional matter, and the district court will have the opportunity to consider any such defense upon remand.
 
 IV. Sanctions
 
 17
 The Plaintiff has requested costs and attorney's fees pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. The Plaintiff failed to point out to us that no such motion was raised below. However, the Defendants assert, and the record seems to confirm, that neither a Rule 11 claim nor a § 1927 claim was raised below. Accordingly, we cannot here consider this issue. We note, however, that the Plaintiff is free to raise this issue on remand.
 
 
 18
 This case is not a model of professionalism on either side. Both briefs have engaged in hyperbole and are lacking in the degree of candor we expect from officers of the court. However, we are particularly disturbed by the Defendants' behavior in this matter. Defendants ignored our order to file their brief by Sept. 12, 1991 as well as two informal requests to file it on extended deadlines. When they finally did file their brief, they seriously mischaracterized the stipulation of dismissal below and the order of dismissal based on that stipulation. For these reasons, we seriously considered ordering the Defendants' attorney to show cause as to why she should not be sanctioned under Federal Rule of Appellate Procedure 46(c). Although we have ultimately decided not to issue such an order, we frown upon such conduct by an officer of this court.
 
 V. CONCLUSION
 
 19
 For the reasons stated above, we REVERSE the order of January 31, 1990 dismissing Defendants Stephan, Huong, and Mashner, and REMAND for proceedings against these defendants on the merits. We DENY the Plaintiff's motion for sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 There appears to be some confusion in the record as to the spelling of certain parties' names. We use the spelling that appears in our Docket Sheet
 
 
 [2]
 The Defendants have moved for leave to file their brief out of time on November 8, 1991. (It was ordered due on September 12, 1991, and though two informal extensions were granted, neither of these deadlines was met.) The Plaintiff opposes the Defendants' motion to file out of time. Although we agree with the Plaintiff that the Defendants' delay is inexcusable, we believe that the Defendants' brief may materially assist our determination and that no substantial prejudice will result to the Plaintiff as a result of our considering the Defendants' brief. Accordingly, we GRANT the Defendants' motion to file their brief out of time
 
 
 [3]
 Plaintiff argues that the original complaint included a claim against Stephan and Huong in their individual capacities
 
 
 [4]
 The Defendants' motion to dismiss the amended complaint was actually filed on Aug 2, 1989, two days before the amended complaint itself was filed. However, the Defendants were served with the amended complaint on May 22, 1989, long before it was actually filed, along with a motion for leave to amend. Despite opposing this motion for leave to amend, it appears that the Defendants knew leave would be granted. In fact, the order "granting" leave to amend pointed out that since no responsive pleading had occurred regarding the original complaint, leave to amend was not even required
 
 
 [5]
 The issue of waiver was raised below. Doc. 46 at 2-3. [Note: Doc. 46 is incorrectly labeled Doc. 28 in the Appendix.]
 
 
 [6]
 We do not view the Supplemental Motion to Dismiss as a mere amendment of the earlier Motion to Dismiss Amended Complaint. In the first place, it does not purport to be a mere amendment, nor does it suggest that the defense of improper service was inadvertently omitted from the prior motion. It is presented as a new, albeit supplemental, motion. Second, the substantial delay suggests that the Supplemental Motion is not a mere amendment of the earlier Motion to Dismiss. The initial Motion to Dismiss the Amended Complaint was filed August 2, 1989. The Supplemental Motion to Dismiss the Amended Complaint was not filed until November 9, 1989. No cause is suggested as to why the defense of improper service was not raised in the original Motion to Dismiss the Amended Complaint. Thus, for a considerable length of time these Defendants were before the court without objecting to service of process and they argued the case on the merits. The Plaintiff was prejudiced because during that time he had to respond on the merits. It is too late for the defendants to raise a defense of improper service of process three months later by the nomenclature of entitling their second motion a "Supplemental" motion. See C. Wright & A. Miller, Federal Practice & Procedure § 1389
 
 
 [7]
 The Plaintiff's motion to extend was filed on Sept. 22, well after the expiration of the 120-day deadline. The court, however, apparently found that good cause existed to extend the time for service